# EXHIBIT 1

Date Filed 6/21/2024 9:27 AM
Superior Court - Suffolk
Docket Number

ER

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                          SUPERIOR COURT DEPARTMENT
                                                      CIVIL ACTION NO.:

| | |
|---|---|
| AMICA MUTUAL INSURANCE COMPANY, as subrogee of Michael Beck and Keele Beck,<br>    Plaintiff, | )<br>)<br>)<br>)<br>) |
| v. | )<br>) |
| SHENZHEN QIANHAI PATUOXUN NETWORK & TECHNOLOGY CO., LTD., and AMAZON.COM SERVICES LLC,<br>    Defendants. | )<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

### PARTIES

1.  Plaintiff, Amica Mutual Insurance Company ("Amica"), as subrogee of Michael Beck and Keele Beck (the "Plaintiff"), is an insurance company organized under the laws of Rhode Island with a principal place of business at 100 Amica Way, Lincoln, RI 02865.

2.  Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd., Room 201, Building A, No. 1 Qianwanyi Road, Qianhai Shenzhen-Hong Kong, Cooperation Zone, Shenzhen, PEOPLE'S REPUBLIC OF CHINA.

3.  At all relevant times, Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd., did business as ATMOKO.

4.  Defendant, Amazon.com Services LLC, is a corporation organized under the laws of the State of Delaware, with a principal place of business at 410 Terry Avenue, North Seattle, WA 98109, and a registered agent of Corporation Service Company, 84 State Street, Boston, MA 02109.

3215139.v1

## FACTUAL ALLEGATIONS

5. At all relevant times, Michael Beck and Keele Beck owned a property and improvements on the property, including a single-family dwelling (the "Dwelling"), located at 103 Paul Revere Road, Needham Heights, MA 02494 (the "Property").

6. At all relevant times, Amica Mutual Insurance Company insured the Dwelling and personal property located at the Property and provided additional coverages, including coverage for additional living expenses, under a homeowners insurance policy (the "Policy").

7. At all relevant times and all times hereinafter mentioned, the Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd., was in the business of designing, manufacturing, and distributing handheld vacuums.

8. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, was in the business of marketing, selling, distributing, shipping, and delivering consumer products, including handheld vacuums, to consumers in Massachusetts.

9. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, operated, maintained, and controlled a website at Amazon.com, which was an online marketplace where the Defendant, Amazon.com Services LLC, and third-party sellers listed products for sale.

10. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, controlled the website at Amazon.com and listings on the website.

11. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, had the right to refuse to process or cancel any transactions made on its website at Amazon.com.

12. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, accepted payments for products ordered from Amazon.com Services LLC and third-party sellers on its website at Amazon.com.

13. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, managed and controlled exchanges and refunds for products ordered from Amazon.com Services LLC and third-party sellers on its website at Amazon.com.

14. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC's refund policy controlled the amount of refunds due to purchasers of products ordered from Amazon.com Services LLC and third-party sellers on its website at Amazon.com.

15. At all times and all times hereinafter mentioned, if a consumer wanted to return a product purchased on the Defendant, Amazon.com Services LLC's website at Amazon.com, the customer returned the product through the Defendant, Amazon.com Services LLC.

16. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, had the right to withhold payments for products ordered from third-party sellers on the Defendant, Amazon.com Services LLC's website at Amazon.com pending an investigation and resolution of any dispute or claim.

17. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, required that all communications between a third-party seller and purchaser of a product sold through the website at Amazon.com be made through the Defendant, Amazon.com Services LLC.

18. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, collected fees, including referral fees and subscription fees, from third-party sellers who listed products on the Defendant, Amazon.com Services LLC's website at Amazon.com.

19. In or about 2017, Kellee Beck visited the Defendant, Amazon.com Services LLC's website at Amazon.com and ordered and purchased a HoLife Handheld Vacuum and component parts, including a battery charger (the "Product").

20. The Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd., designed, manufactured and distributed the Product.

21. At all times and all times hereinafter mentioned, the Defendant, Amazon.com Services LLC, marketed and advertised the Product on the Defendant, Amazon.com Services LLC's website at Amazon.com.

22. The Defendant, Amazon.com Services LLC, processed the order of the Product by Kellee Beck and collected payment for the order of the Product.

23. The Defendant, Amazon.com Services LLC, collected a fee, which was a percentage of the sale price, for the sale of the Product.

24. The Defendant, Amazon.com Services LLC, was responsible for the marketing, sale, and distribution of the Product to Kellee Beck.

25. The Defendant, Amazon.com Services LLC, was a direct link in the chain of distribution of the Product.

26. At all relevant times and all times hereinafter mentioned, the Defendants, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd., and Amazon.com Services LLC (collectively the "Defendants"), represented and warranted that the Product was safe, fit for its intended uses and free of any defects.

27. Kellee Beck used the Product for its intended purpose.

28. Kellee Beck maintained the Product in a safe and proper manner, without any alteration or modification, and in accordance with the Product's instructions.

Date Filed 6/21/2024 9:27 AM
Superior Court - Suffolk
Docket Number

29. On or about September 13, 2021, the Product malfunctioned, caught fire and caused a fire inside of the Dwelling and caused damage to the Dwelling (the "Loss").

30. The Product malfunctioned because of defects in their design and/or manufacture.

31. Defects in the design and manufacture of the Product made the Product unsafe for its intended use.

32. Defects in the design and manufacture of the Product established a strong likelihood of damage to property of users and others.

33. The Defendants' negligence and breach of the implied warranty of merchantability were a direct and proximate cause of the malfunction of the Product and the Loss, which caused damage to the Dwelling and personal property at the Property, and additional living expenses.

34. As a result of the Loss and the Defendants' negligence and breach of implied warranty of merchantability, and pursuant to the Policy, Amica Mutual Insurance Company made payments in satisfaction of its obligation to and/or on behalf of its insureds, Michael Beck, and Keele Beck.

35. Pursuant to the terms and conditions of the Policy and applicable Massachusetts law, Amica Mutual Insurance Company now stands subrogated to Michael Beck and Keele Beck's rights and causes of action to the extent of payments made to Michael Beck and Keele Beck and/or on their behalf and asserts its subrogation rights through this Complaint.

## COUNT I
### (Negligence v. Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd.)

36. The Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 35 above, as if expressly re-written and set forth herein.

37. The Loss and resulting damage to the Dwelling, loss of use of the Dwelling and costs associated with tenant relocation, were proximately caused by the negligence and breaches

Date Filed 6/21/2024 9:27 AM
Superior Court - Suffolk
Docket Number

of duties owed by the Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd., including, but not limited to, the following:

   a. Failing to properly design the Product and its component parts;

   b. Failing to properly manufacture the Product and its component parts;

   c. Failing to properly test the Product and its component parts to assess, determine, eliminate, and/or reduce the risk or likelihood of malfunction and fire;

   d. Placing in the channels of trade a product that the Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd., knew or, with reasonable care should have known, was unreasonably dangerous and unsafe;

   e. Designing, manufacturing and distributing a product that posed a risk of fire during normal use;

   f. Marketing an inherently unsafe and/or dangerous product;

   g. Misrepresenting that the Product was safe when the Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd., knew or should have known that the Product was dangerous and unsafe;

   h. Failing to comply with applicable federal, state, and/or local regulations, statutes, and/or ordinances, regarding the design and manufacture of the Product;

   i. Failing to make appropriate recommendations concerning the use and maintenance of the Product;

   j. Failing to warn users that the Product was susceptible to malfunction and fire;

   k. Failing to warn users that the Product could cause or contribute to property damage as a result of malfunction and fire;

3215139.v1

    l.  Failing to warn users of the existence of a dangerous condition associated with the Product;

    m.  Failing to withdraw or recall the Product from the marketplace; and

    n.  Otherwise failing to exercise reasonable care under the circumstances which then and there existed.

38. Pursuant to the terms and conditions of the Policy and applicable Massachusetts law, Amica Mutual Insurance Company now stands subrogated to Michael Beck and Keele Beck's cause of action of negligence against the Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd., to the extent of payments made to Michael Beck and Keele Beck and/or on their behalf as a result of the Loss and the Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd.'s negligence.

WHEREFORE, the Plaintiff respectfully demands that judgment enter on its behalf and against the Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd., in the maximum amount allowed by law, plus interest, costs and attorney's fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiff demands judgment against the Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd., in an amount that will adequately compensate the Plaintiff for its injuries, damages and/or losses, together with interest and costs.

### COUNT II
**(Breach of Implied Warranty of Merchantability v. Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd.)**

39. The Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 38 above, as if expressly re-written and set forth herein.

40. The Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd., designed, manufactured, and distributed the Product.

41. The Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd., as the distributor and manufacturer of the Product, impliedly warranted that the Product was of merchantable quality, safe, reasonably fit for its intended uses, and free of any defects.

42. The Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd., was a merchant with respect to goods of the kind involved in the Loss.

43. The Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd., knew or had reason to know that Michael Beck and Keele Beck and those utilizing the Product relied on the implied warranty of merchantability made by the Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd.

44. Michael Beck and Keele Beck used the Product for its intended purpose and maintained the Product in a safe and proper manner without any alteration or modification, and in accordance with the Product's instructions.

45. The Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd., breached the implied warranty of merchantability because the Product was not of merchantable quality, unsafe, not reasonably fit for its intended purposes and not free of any defects.

46. The Loss and resulting damage to the Dwelling and personal property at the Property, and additional living expenses occurred as a direct and proximate result of the breach of said implied warranty of merchantability by the Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd.

47. Due notice has been given to the Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd., of its breach of said implied warranty of merchantability.

48. Pursuant to the terms and conditions of the Policy and applicable Massachusetts law, Amica Mutual Insurance Company now stands subrogated to Michael Beck and Keele Beck's

cause of action of breach of the implied warranty of merchantability against the Defendant to the extent of payments made to Michael Beck and Keele Beck and/or on their behalf as a result of the Loss and the Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd.'s breach of the implied warranty of merchantability.

WHEREFORE, the Plaintiff respectfully demands that judgment enter on their behalf and against the Defendant, Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd., in the maximum amount allowed by law, plus interest, costs and attorney's fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiff demands judgment against the Defendant, Shenzhen Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd.., in an amount that will adequately compensate the Plaintiff for its injuries, damages and/or losses, together with interest and costs.

## COUNT III
### (Negligence v. Amazon.com Services LLC)

49. The Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 48 above, as if expressly re-written and set forth herein.

50. The Loss and resulting damage to the Dwelling and personal property at the Property and additional living expenses were proximately caused by the negligence and breaches of duties owed by the Defendant, Amazon.com Services LLC, including, but not limited to, the following:

   a. Placing in the channels of trade a product that the Defendant, Amazon.com Services LLC, knew or, with reasonable care should have known, was unreasonably dangerous and unsafe;

   b. Distributing a product that posed a risk of fire during normal use;

   c. Marketing an inherently unsafe and/or dangerous product;

9

3215139.v1

    d. Misrepresenting that the Product was safe when the Defendant, Amazon.com Services LLC, knew or should have known that the product was dangerous and unsafe;

    e. Failing to make appropriate recommendations concerning the use and maintenance of the Product;

    f. Failing to warn users that the Product was susceptible to malfunction and fire;

    g. Failing to warn users that the Product could cause or contribute to property damage as a result of malfunction and fire;

    h. Failing to warn users of the existence of a dangerous condition associated with the Product; and

    i. Otherwise failing to exercise reasonable care under the circumstances which then and there existed.

51. Pursuant to the terms and conditions of the Policy and applicable Massachusetts law, Amica Mutual Insurance Company now stands subrogated to Michael Beck and Keele Beck's cause of action of negligence against the Defendant, Amazon.com Services LLC, to the extent of payments made to Michael Beck and Keele Beck and/or on their behalf as a result of the Loss and the Defendant, Amazon.com Services LLC's negligence.

WHEREFORE, the Plaintiff respectfully demands that judgment enter on its behalf and against the Defendant, Amazon.com Services LLC, in the maximum amount allowed by law, plus interest, costs and attorney's fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiff demands judgment against the Defendant, Amazon.com Services LLC, in an amount that will adequately compensate the Plaintiff for its injuries, damages and/or losses, together with interest and costs.

## COUNT IV
### (Breach of Implied Warranty of Merchantability v. Amazon.com Services LLC)

52. The Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 51 above, as if expressly re-written and set forth herein.

53. The Defendant, Amazon.com Services LLC, sold, and distributed the Product.

54. The Defendant, Amazon.com Services LLC, as the distributor of the Product, impliedly warranted that the Product was of merchantable quality, safe, reasonably fit for its intended uses, and free of any defects.

55. The Defendant, Amazon.com Services LLC, was a merchant with respect to goods of the kind involved in the Loss.

56. The Defendant, Amazon.com Services LLC, knew or had reason to know that Michael Beck and Keele Beck and those utilizing the Product relied on the implied warranty of merchantability made by the Defendant, Amazon.com Services LLC.

57. Michael Beck and Keele Beck used the Product for its intended purpose and maintained the Product in a safe and proper manner without any alteration or modification, and in accordance with the Product's instructions.

58. The Defendant, Amazon.com Services LLC, breached the implied warranty of merchantability because the Product was not of merchantable quality, unsafe, not reasonably fit for its intended purposes and not free of any defects.

59. The Loss and resulting damage to the Dwelling and personal property at the Property, and additional living expenses occurred as a direct and proximate result of the breach of said implied warranty of merchantability by the Defendant, Amazon.com Services LLC.

60. Due notice has been given to the Defendant, Amazon.com Services LLC, of its breach of said implied warranty of merchantability.

61. Pursuant to the terms and conditions of the Policy and applicable Massachusetts law, Amica Mutual Insurance Company now stands subrogated to Michael Beck and Keele Beck's cause of action of breach of the implied warranty of merchantability against the Defendant, Amazon.com Services LLC, to the extent of payments made to Michael Beck and Keele Beck and/or on their behalf as a result of the Loss and the Defendant, Amazon.com Services LLC's breach of the implied warranty of merchantability.

WHEREFORE, the Plaintiff respectfully demands that judgment enter on its behalf and against the Defendant, Amazon.com Services LLC, in the maximum amount allowed by law, plus interest, costs and attorney's fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiff demands judgment against the Defendant, Amazon.com Services LLC, in an amount that will adequately compensate the Plaintiff for its injuries, damages and/or losses, together with interest and costs.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court:

1. Enter a judgement against the Defendants declaring that the Defendants are legally and financially responsible for the damages that the Plaintiff and its insured sustained or incurred;

2. Award the Plaintiff compensatory damages against the Defendants in an amount equal to the damages they have incurred or suffered;

3. Award the Plaintiff costs of suit, including attorneys' and expert witness fees;

4. Award the Plaintiff interest, including, but not limited to, pre-judgement interest; and

5. Fashion such other relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

                      Respectfully submitted,
                      Plaintiff,
                      Amica Mutual Insurance Company, as subrogee of
                      Michael Beck and Keele Beck
                      By its Attorneys,

/s/ Matthew D. Rush

_____
Anthony J. Antonellis, Esq., BBO# 557964
John A. Donovan, III Esq., BBO# 631110
Matthew D. Rush, Esq., BBO# 669990
Sloane and Walsh LLP
One Boston Place, Ste. 1600
201 Washington St.
Boston, MA 02018
aantonellis@sloanewalsh.com
jdonovan@sloanewalsh.com
mrush@sloanewalsh.com

Date: June 21, 2024

Date Filed 6/21/2024 9:27 AM
Superior Court - Suffolk

| Docket Number | DOCKET NUMBER | Massachusetts Trial Court Superior Court |
|---|---|---|
| CIVIL ACTION COVER SHEET | | COUNTY Suffolk Superior Court (Boston) |

| | | | |
|---|---|---|---|
| **Plaintiff** | Amica Mutual Insurance Company, as subrogee of Michael Beck and Keele Beck | **Defendant:** | Shenzhen Qianhai Patuoxun Network & Technology Co., Ltd. |
| **ADDRESS:** | 100 Amica Way, Lincoln, RI 02865 | **ADDRESS:** | Room 201, Building A, No. 1 Qianwanyi Road, Qianhai Shenzhen-Hong Kong, Cooperation Zone, Shenzhen, PEOPLE>( S REPUBLIC OF CHINA |
| **Plaintiff Attorney:** | Matthew D. Rush, Esq. | **Defendant:** | Amazon.com Services LLC |
| **ADDRESS:** | Sloane and Walsh LLP | **ADDRESS:** | 410 Terry Avenue, North Seattle, WA 98109 |
| One Boston Place, 201 Washington Street, Suite 1600, Boston, MA 02108 | | | |
| **BBO:** | 669990 | | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B05 | Products Liability | A | ☒ YES   ☐ NO |

*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES   ☒ NO | ☐ YES   ☒ NO |

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date                                    $529,388.28
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)                     $66,986.80
Additional Living Expenses

TOTAL (A-F): $596,375.08

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:
Plaintiff is subrogating for damages caused by Defendants' negligence and breach of implied warranty of merchantability.

**CONTRACT CLAIMS**

☒ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X /s/ Matthew D. Rush       Date: June 20, 2024

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**
I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X /s/ Matthew D. Rush       Date: June 20, 2024

SC0001: 02/24            www.mass.gov/courts            Date/Time Printed:06-20-2024 10:58:49

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

AA1 Contract Action Involving Commonwealth,
  Municipality, MBTA, etc. (A)
AB1 Tortious Action Involving Commonwealth,
  Municipality, MBTA, etc. (A)
AC1 Real Property Action Involving
  Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action Involving Commonwealth,
  Municipality, MBTA, etc. (A)
AE1 Administrative Action Involving
  Commonwealth, Municipality, MBTA,etc. (A)

### CN Contract/Business Cases

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (A)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal
  Affairs of Entities (A)
BA3 Liability of Shareholders, Directors,
  Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of
  Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade
  Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade
  Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an Incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c. 231A (A)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

### PA Civil Actions Involving Incarcerated Party ‡

PA1 Contract Action Involving an
  Incarcerated Party (A)
PB1 Tortious Action Involving an
  Incarcerated Party (A)
PC1 Real Property Action Involving an
  Incarcerated Party (F)
PD1 Equity Action Involving an
  Incarcerated Party (F)
PE1 Administrative Action Involving an
  Incarcerated Party (F)

### TR Torts

B03 Motor Vehicle Negligence - Personal
  Injury/Property Damage (F)
B04 Other Negligence - Personal
  Injury/Property Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical (A)
B07 Malpractice - Other (A)
B08 Wrongful Death - Non-medical (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

### RP Summary Process (Real Property)

S01 Summary Process - Residential (X)
S02 Summary Process - Commercial/
  Non-residential (F)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

### RP Real Property

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

### MC Miscellaneous Civil Actions

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10, § 28 (X)

### AB Abuse/Harassment Prevention

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E(X)

### AA Administrative Civil Actions

E02 Appeal from Administrative Agency,
  G.L. c. 30A (X)
E03 Certiorari Action, G.L. c. 249, § 4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9 (A)
E07 Mass Antitrust Act, G.L. c. 93, § 8 (X)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149,
  §§ 29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12, § 11H (A)
E24 Appeal from District Court
  Commitment, G.L. c.123, § 9(b) (X)
E94 Forfeiture, G.L. c. 265, § 56 (X)
E95 Forfeiture, G.L. c. 94C, § 47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only,
  G.L. c. 231, § 60B (F)
Z02 Appeal Bond Denial (X)

### SO Sex Offender Review

E12 SDP Commitment, G.L. c. 123A, § 12 (X)
E14 SDP Petition, G.L. c. 123A, § 9(b) (X)

### RC Restricted Civil Actions

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S(X)

---

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES  ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
ACCURATELY, THE CASE MAY BE DISMISSED.**